Gregory DAVIS, et al.

United States of America,
Plaintiff-Intervenor

v.

T.N. ARMISTEAD, et al.

Michael John MARCHAND

v.

C. Murray HENDERSON.

Willie BRUINS

v.

Murray HENDERSON, Feliciana
Forensic Facility.

John Garner BARHAM

v.

Murray HENDERSON, Feliciana
Forensic Facility.

Larry Wayne WILLIAMS

v.

C. Murray HENDERSON, Feliciana
Forensic Facility.

Frederick WILLIAMS, et al.

v.

George FISCHER, et al.

Civ. A. Nos. 77–423–B, 80–519–B,
80–520–B, 80–531–B, 80–561–B
and 81–745–B.

United States District Court,
M.D. Louisiana.

Dec. 2, 1983.

R. James Kellog, Clay J. Calhoun, Jr., New Orleans, La., Lawrence Anderson, Baton Rouge, La., Barry Richardson, Monroe, La., and Christopher Certain, New Orleans, La., for plaintiffs.

James Stanley Lemelle, Asst. U.S. Atty., Baton Rouge, La., and Daniel P. Butler, U.S. Dept. of Justice, Washington, D.C., for plaintiff-intervenor.

J. Marvin Montgomery, Baton Rouge, La., for C. Murray Henderson, Warden.

Charles F. Castille and Fernin Easton, Baton Rouge, La., for DHHR.

Tommy D. Teague, Baton Rouge, La., for T.N. Armistead and William Cherry.

POLOZOLA, District Judge.

The parties have submitted to the Court a proposed consent decree governing the East Feliciana Forensic Facility. This proposed consent decree is the culmination of many hours of hard and dedicated work on the part of many people whose sole desire and concern was to upgrade the forensic facility to meet acceptable federal, state and medical standards.

This Court is very pleased with the progress which the State of Louisiana has made to improve the physical facilities, health and security services at the forensic facility. The changes which have already been made at this facility indicate to this Court that the State of Louisiana not only agrees to the proposed consent decree which has been tendered, but intends to abide by and actually implement the provisions of the agreement. This Court has said many times that it is the State and not the federal court which should run the penal and forensic facilities of this state. It appears the State of Louisiana is prepared to assume this obligation and responsibility.

The joint cooperative effort exhibited by officials of the state and federal governments to resolve the problems at the forensic facility is commendable. The Court must also congratulate the attorneys for *all* of the parties to this suit who participated in these negotiations and who worked so hard to reach an agreement in this case. It is this type of cooperation that allows cases of this nature to be resolved without the necessity of costly and involved trials which only lead to even more expensive appeals and seemingly endless litigation.

A review of the consent decree reveals that this decree meets or exceeds federal constitutional standards, state and federal laws and acceptable medical practices. Therefore, the Court hereby adopts and approves the consent decree filed with the Court this date and attached hereto.

## APPENDIX

### SETTLEMENT AGREEMENT

1. The above captioned consolidated cases, filed by or on behalf of patients at the Feliciana Forensic Facility (hereinafter "Forensic"), are presently pending in the United States District Court for the Middle District of Louisiana.

2. The various actions were brought as individual and/or as class actions by various inmates at Forensic under 42 U.S.C. Section 1983 challenging the conditions of confinement at Forensic.

3. The Attorney General of the United States has intervened in the *Davis* action pursuant to 42 U.S.C. Section 1997. (The Civil Rights of Institutionalized Persons Act of 1980, P.L. 96–247.)

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. Sections 1983 and 1997 and 28 U.S.C. Sections 1331 and 1345.

5. The defendants are responsible for the operation and maintenance of Forensic. Individually named defendants are employees or officials of the State of Louisiana's Department of Health and Human Resources and are sued in their official capacities.

6. Forensic is an institution within the meaning of that term as defined in 42 U.S.C. Section 1997, and all venue, jurisdiction and procedural requirements for maintenance of this action have been met.

7. The defendants have determined that the interests of the present and future patients at Forensic can best be served by a settlement of this case rather than continuing the present litigation.

8. Therefore, the parties have entered into this Settlement Agreement, which is judicially enforceable, thereby avoiding further expenditure of funds for litigation and allowing immediate concentration of defendants' efforts in improving the provision of constitutionally required care and treatment of Forensic's patients.

9. Although the defendants do not admit any violation of law or liability to any other party, this Agreement is intended to eliminate and remedy certain conditions of care, confinement, and treatment at Forensic and, in case of dispute as to the meaning of any portion of this Agreement, it shall be read in light of that purpose. This Agreement shall not be used as evidence of liability in any civil proceeding other than this litigation and then only to enforce the provisions of the Agreement.

10. All parties hereto agree that the following steps should be taken to ensure that the rights of Forensic patients are protected and the conditions of care, confinement and treatment at Forensic are in compliance with all state and federal constitutional and statutory requirements.

NOW, THEREFORE, without any adjudication or trial on the merits, and without any admission of liability, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants, their agents, employees, and successors in office, and all persons acting in consent with them, be and they hereby are enjoined from operating Forensic inconsistently with the following terms and provisions of this Agreement and the following implementing plans and policies.

## A. STANDARDS

Defendants, within six (6) months of the completion of renovation of the War Veterans Home (located on the campus of East Louisiana State Hospital) and upon said renovated War Veterans Home becoming a part of Forensic, agree that Forensic will be required to be in substantial compliance with the following sets of standards, as they currently exist or as they may be revised.

1. State of Louisiana, Rules, Regulations and Minimum Standards Governing Hospitals and The Hospital Licensing Law, except for Chapters VI and VII (Specialized Patient Services and Special Services and Facilities enumerated in these chapters will be provided as needed by neighboring hospitals). Appendix 1.

2. Standards of the U.S. Department of Health and Human Services, Health Care Financial Administration as embodied on form HCFA—1573, commonly referred to as National Institute of Mental Health (NIMH) standards. Appendix 2.

3. Agency policies and procedures on use of psychotropic medications and seclusion and restraints (with exceptions to latter to permit locking of individual rooms at night to protect patients). Appendix 3.

4. Patients' rights as enumerated in La. R.S. 28:171 with legally permissible restrictions to reflect security hospital status of the Forensic. Appendix 4.

Adherence to these standards, policies and statutes will help ensure that forensic patients receive humane, high quality mental health treatment and care.

## B. IMPLEMENTATION PLAN AND MONITORING

1. Defendants agree to draft and submit to plaintiffs, the United States and the Court within sixty (60) days of the entry of this Settlement Agreement a specific implementation plan that will indicate how defendants intend to comply with the standards enumerated in Part A of this Agreement. This plan and the long range plan referred to in Paragraph 3 below are to be construed as an internal management document of defendants and not as enforceable parts of this Agreement.

2. The Plan shall provide specific goals and objectives, with timetables, and shall address the following issues:

 a. Staffing

 b. Treatment

 c. Medical Care

 d. Mentally Retarded Patients

 e. Rights of Patients

3. Defendants agree to update and amend the long range plan submitted to the Court on October 2, 1982 in *Hamilton v. Morial,* Civil Action No. 81–341–B, which plan was filed in the record of this case by order of the Court dated October 19, 1982. Defendants will update and amend said plan on or before July 1, 1984 and annually thereafter until such time as otherwise ordered by the Court or until dismissal of this action, whichever occurs sooner.

4. Defendants will submit quarterly status reports to the Court, plaintiffs and the United States beginning on April 1, 1984 on progress made toward implementation of this Agreement. These quarterly status reports shall continue until otherwise ordered by the Court or until dismissal of this action, whichever occurs sooner.

5. Plaintiffs and the United States, their agents, attorneys, and consultants shall have reasonable access to the facilities, records, patients, and employees of Forensic upon reasonable notice to defendants.

6. The Court retains jurisdiction over this case for all purposes.

The undersigned agree to entry of this Agreement as an Order of the Court.

For Plaintiffs:

/s/ R. James Kellog
R. James Kellog
Counsel for Plaintiffs

/s/ Clay J. Calhoun, Jr.
Clay J. Calhoun, Jr.
Counsel for Plaintiffs

For Plaintiff-Intervenor:

/s/ Stanford Bardwell, Jr.
Stanford Bardwell, Jr.
United States Attorney
Middle District of Louisiana
Counsel for Plaintiff-Intervenor

/s/ Daniel Butler
Daniel Butler
United States Department of Justice
Counsel for Plaintiff-Intervenor

For Defendants:

/s/ C. Murray Henderson
C. Murray Henderson
Defendant

/s/ Roger P. Guissinger
Roger P. Guissinger
Defendant

/s/ Charles F. Castille
Charles F. Castille
General Counsel
Department of Health and Human Resources
Counsel for Defendants

For David C. Treen, Governor

/s/ P. Raymond Lamonica
P. Raymond Lamonica
Executive Counsel to the Governor

/s/ J. Marvin Montgomery
J. Marvin Montgomery
Assistant Attorney General